IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-HC-2158-BO

| | |
|---|---|
| WILBUR BUTLER, )<br>     Petitioner, )<br>)<br>v. )<br>)<br>SARAH REVELL and )<br>DISCIPLINARY HEARING OFFICER, )<br>     Respondents. ) | O R D E R |

Wilbur Butler petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss or in the alternative for summary judgment. Petitioner responded, and the matter is ripe for determination.

At the time petitioner filed this action, he was an inmate in custody at the Low Security Correctional Institution in Butner, North Carolina. On March 17, 2003, petitioner was sentenced in this district before the Honorable James C. Fox to a 212-month term of imprisonment for Conspiracy to Distribute Cocaine, Cocaine Base, and Oxycodone, and two counts of Distribution of Cocaine Base. United States v. Butler, 7:02-93-F-1, D.E. 78. On May 20, 2009, the sentence was reduced to a term of 170 months after a motion for reduction of sentence related to the crack cocaine offense was sought. [Id. D.E. 134] He is scheduled for release on December 8, 2014, after inclusion of good conduct time. [Declaration of Lynnell Cox, ¶ 4] Petitioner brings this habeas petition to challenge a 2011 disciplinary hearing and resulting infraction. He claims the disciplinary proceedings violated his constitutional rights.

On February 15, 2011, petitioner was cited for a disciplinary incident occurring previously on July 31, 2010. [Id., ¶ 9 and Attachment 6] The allegation was that petitioner possessed a hazardous tool, i.e. a cellular phone. [Id.] The incident was investigated and on February 18, 2011, petitioner was given a copy of the incident report. [Id.]

On February 22, 2011, petitioner was provided with notice of the disciplinary hearing to be held and his rights regarding the same. [Id., ¶ 10 and Attachment 6] Petitioner requested staff representation and a witness. [Id. ¶ 10-12 and Attachment 6] On May 2, 2011, a disciplinary hearing was convened. [Id. ¶ 12 and Attachment 6] Petitioner denied the charges in the incident report and a staff representative did appear on his behalf. [Id.] One witness statement by inmate J. Borkson was submitted and considered. [Id.] The Discipline Hearing Officer ("DHO") considered petitioner's statement, the incident report, the investigation including the reporting officer's statement, a memorandum for Officer Crenshaw, a photograph of the cell phone, charger and earbuds, information about phone number found in the phone along with text messages, the witness statements and confidential information. [Id.] Given the evidence presented, the DHO found petitioner committed the Code 108 prohibited act of possession of a hazardous tool. As a result, petitioner was given the disallowance of 41 days of Good Conduct Time, removing telephone privileges for 18 months year, and ordering a disciplinary transfer. [Id.] Beginning in July 2011, petitioner appealed the DHO's findings through the BOP's administrative remedy system. [Id., Attachment 7]

Petitioner argues that the disciplinary proceedings denied him of his due process rights. He also makes several allegations challenging the factual basis for the Discipline Hearing Officer (DHO)'s finding of guilt.

2

Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A trial court reviewing a summary judgment motion should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita, 475 U.S. at 588.

While respondent argues that petitioner failed to exhaust his administrative remedies, the court finds this issue does not resolve the matter. Failure to exhaust administrative remedies is excusable upon a showing of cause and prejudice. Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634-35 (2d Cir. 2001). Here, given the extensive attempts to exhaust illustrated both by respondent and petitioner, if exhaustion was not perfected, cause and prejudice is illustrated. [See, D.E. 10 Declaration of Cox, Attachment 7; D.E. 15 Response with Exhibits]

Thus, the court turns to the merits of the petition. When the loss of good-time credit is at issue, an inmate is entitled: (1) to written notice of the charges at least twenty-four hours in advance of the hearing; (2) to a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (3) to call witnesses and present documentary

3

evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 563–66 (1974). To comport with due process, DHO findings which revoke a prisoner's good-time credits must be supported by "some evidence in the record." Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454–56 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the [DHO]." Id. (quotation omitted).

Petitioner challenges the sufficiency of the evidence that the DHO considered in finding that he violated the disciplinary code. The DHO relied on the incident report, the fact that the investigation conducted by staff found telephone numbers in the phone were traced back to petitioner's approved list of telephone numbers, and a written statement from petitioner's requested witness. This evidence satisfies the "some evidence" standard. See, e.g., Hill, 472 U.S. at 454–56; Baker, 904 F.2d at 932.

To the extent petitioner argues that the disciplinary proceedings failed to comply with Wolff, that claim also fails. Petitioner received advance written notice of the disciplinary charges. He was allowed to call witnesses and he received a written statement by the DHO of the evidence relied on and the reasons for the disciplinary action.

Accordingly, the court first commends petitioner on his personal successes, almost infraction free record, and education pursuits while incarcerated. However, the court does not

4

find his claim that his due process rights were violated in the disciplinary proceedings viable. Respondent's motion for summary judgment is GRANTED [D.E. 8] and the case is closed.

SO ORDERED, this _11_ day of July 2012.

*[Signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE